# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, et. al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 4:11-cv-00278-FJG |
| JACK COOPER TRANSPORT COMPANY, INC. | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

On August 4, 2011, the Court held a pretrial conference pursuant to Federal Rule of Civil Procedure 16. On August 8, 2011, the Court requested briefs from the parties as to whether Defendant Jack Cooper Transport Company, Inc. ("Jack Cooper") contractually waived by written agreement its right to trial by jury on all claims and counterclaims in this lawsuit (Doc. No. 25).

Defendant Jack Cooper does not contest that it voluntarily and knowingly signed a binding contract with Plaintiff Liberty Mutual that contained a Waiver of Jury Trial provision (Doc. No. 27). It argues instead that the waiver is inapplicable to some of the claims in this lawsuit, and as such, all claims and counterclaims should be tried to a jury (Doc. No. 27). This is inconsistent with controlling authority, and due to the broad scope of the executed Waiver of Jury Trial provision, all claims and counterclaims must be tried to this Court.

"Federal law governs the validity of a jury waiver clause in a diversity action." Simler v. Conner, 372 U.S. 221, 222 (1963). "A party may contract to waive its right to a jury trial." Hillcrest Bank, N.A. v. Cordsen, 2011 WL 2633273 (W.D. Mo. July 5, 2011). However, in

order "for a contractual waiver to be valid, it must be made "knowingly and voluntarily". Id at 1. "Although the Eighth Circuit has not explicitly ruled on this question, courts within the circuit "have generally held that the party attempting to enforce the waiver has the burden of proving the waiver is 'knowing and voluntary'." Id. In this case, "[t]he Court does not need to answer this question....because the record clearly demonstrates that Defendants knowingly and voluntarily consented to the jury waiver[]." Id. The waiver provisions in the contract are conspicuous. Defendant does not contest this point. (Doc. No. 29).

The question presented here is the scope of the waiver. In Kep-Co, Inc. v. Regency Sav. Bank, the Court held that a jury trial waiver provision extends to all related claims in a lawsuit. 2007 WL 607745 (E.D. Mo. Feb. 22, 2007). Plaintiff brought a claim against Defendant Bank for racial discrimination in its handling of a bank loan in violation of the Fair Housing Act. Defendant Bank sought enforcement of a waiver provision that was inserted in the bank loan documents. Bank also brought a breach of contract claim on the loan. The waiver provision stated:

> WAIVER OF JURY TRIAL. The Borrower...(a) covenant and agree not to elect a trial by jury with respect to any issue arising under any of the Loan Documents triable by a jury and (b) waive any right to trial by jury to the extent that any such right shall now or hereafter exist.

Id. at 3.

Plaintiff submitted that the aforementioned provision was not applicable to the racial discrimination claim as the claim did not "arise from or under" the bank loan documents. The Court disagreed. In particular, the Court stated:

> Plaintiffs do not dispute that the waivers were knowingly and voluntarily signed. They cannot dispute that the waivers apply to their breach of contract claim....In order to make these determinations, the trier of fact will be required to analyze the loan documents. There is no doubt that a ruling on this claim

will require evaluation of the loan documents. This claim thus does arise under the loan agreements, and therefore it falls within the scope of the jury trial waiver. I will strike the jury demand and this case will be tried to the court, without a jury.

Id. at 4-5.

Similar to Kep-Co, Jack Cooper does not contest that he signed the jury trial waiver provision in the Security Agreement knowingly and voluntarily. Jack Cooper makes the argument that this provision does not apply to the insurance contracts as they do not contain a waiver and do not arise from or under the Security Agreement. However, in order for the Court to rule on Counts III and IV, wherein the Security Agreement that contains the waiver is at issue, the Court must evaluate the insurance policies. The claims are related. Defendant Cooper even acknowledges this by stating:

> If Jack Cooper is successful in its arguments that Liberty Mutual overpaid certain claims or set excessive reserves, then the amounts that Liberty Mutual seeks in retrospective premium (Counts I and II) and the amounts that Liberty Mutual seeks in additional collateral (Counts III and IV) are inflated. Thus, the same evidence that supports Jack Cooper's defenses to Counts I, II and its counterclaims also supports Jack Cooper's position on Counts III and IV.

(Doc. 27).

Since ruling on the Security Agreement will require evaluation of the contractual claims, all claims and counterclaims are deemed to be related and thus, arise under the Security Agreement. The Court, therefore, finds that the waiver in the Security Agreement precludes Jack Cooper from asserting a right to jury trial on all claims and counterclaims in this lawsuit.

**IT IS SO ORDERED.**

**Date: September 20, 2011**        **S/ FERNANDO J. GAITAN, JR.**
**Kansas City, Missouri**                Fernando J. Gaitan, Jr.
                                                     **Chief United States District Judge**